```
1             IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
2                      EASTERN DIVISION

3   IRIS ROSALES,                        ) No. 18 C 997
                                         )
4                 Plaintiff,             )
                                         )
5          v.                            )
                                         )
6   PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,) September 13, 2018
                                         ) Chicago, Illinois
7                                        ) 8:50 a.m
                  Defendant.             ) Motion Hearing
8

9              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE SHARON JOHNSON COLEMAN
10

11  APPEARANCES:

12  For the Plaintiff:     SULAIMAN LAW GROUP, LTD.
                           2500 S. Highland Avenue
13                         Suite 200
                           Lombard, Illinois  60148
14                         BY:  MR. JAMES C. VLAHAKIS

15
    For the Defendant:     McGUIRE WOODS LLP
16                         77 West Wacker Drive
                           Suite 4100
17                         Chicago, Illinois  60601
                           BY:  MS. SARAH ANN ZIELINSKI
18                              MS. AMY L. STARINIERI GILBERT

19

20

21

22

23         TRACEY DANA McCULLOUGH, CSR, RPR
                Official Court Reporter
24            219 South Dearborn Street
                     Room 1426
25            Chicago, Illinois  60604
                  (312) 435-5570
```

            THE CLERK:  18 CV 997, Rosales versus Portfolio
Recovery Associates.
            THE COURT:  Ladies, before you come all the way up,
the other side called and said they're running late.
            MS. ZIELINSKI:  Okay.
            THE COURT:  All right.  Thank you.
            MS. ZIELINSKI:  Thank you.
       (Whereupon, other matters were heard in open court.)
            THE CLERK:  Recalling 18 CV 997, Rosales versus
Portfolio Recovery Associates.
            MR. VLAHAKIS:  Thank you, Your Honor.  James Vlahakis
on behalf of plaintiff.  I apologize for the delay.
            THE COURT:  No problem.  Were you on the Eisenhower
by any chance?
            MR. VLAHAKIS:  The Stevenson was horrible.
            THE COURT:  The Stevenson.  They're both bad.  All
right.
            MS. ZIELINSKI:  Sarah Zielinski and Amy Gilbert for
Portfolio Recovery Associates.
            THE COURT:  All right. So where are we today?  We
have a motion for -- to compile?
            MS. ZIELINSKI:  Right.  We're here today on PRA's
motion to compel arbitration.  We've talked previously with
plaintiff's counsel about that.  We understand that they oppose
that motion.  So with respect to that, I think all we need is a

1  briefing schedule.
2      THE COURT: Well, before we do that, were you all not
3  referred to a magistrate judge?
4      MR. VLAHAKIS: We were. We've been before her
5  several times, and we actually have a motion to compel up
6  tomorrow in front of her relative to some discovery.
7      MS. ZIELINSKI: Relative to discovery, right. But
8  this is a motion to compel arbitration.
9      THE COURT: Oh, this is the arbitration?
10     MS. ZIELINSKI: Yes. And so --
11     THE COURT: I had the -- okay.
12     MS. ZIELINSKI: Right. And so that actually relates
13 to another motion that was noticed up for today, and that is
14 that plaintiff has also filed a motion to -- a motion for class
15 certification. But the motion to compel arbitration relates
16 to -- you know, one of the issues that will be resolved is
17 whether this will proceed as an individual arbitration or as a
18 class action, because there's a class action waiver. And so
19 just as a matter of -- a practical matter, we're going to need
20 to resolve the motion to compel arbitration before we can even
21 touch upon the motion for class certification.
22     THE COURT: How long do you need?
23     MR. VLAHAKIS: Three weeks.
24     THE COURT: Okay.
25     MR. VLAHAKIS: Part of what I wanted to chime in,

1  though, if I may, is that the answer was filed in this case in,
2  in March. We have proceeded through discovery. We are
3  awaiting the production of information relative to the size of
4  the class. I think there's a compelling argument that there's
5  been a waiver made for this based on this amount of time.
6  There wasn't a motion to stay put on this case. Discovery has
7  been answered. We've been promised a discovery relative to
8  class numbers.
9              THE COURT: Why don't you include that in your
10 response, and I'll take care --
11             MR. VLAHAKIS: Fair enough.
12             THE COURT: -- of all of that. But that is -- that's
13 something to consider.
14             MR. VLAHAKIS: Sure.
15             THE COURT: It's not a bad argument. All right.
16             MR. VLAHAKIS: Do you want to enter and continue then
17 the motion for class certification, or do you want to have that
18 briefed out as well?
19             THE COURT: That should be entered and continued.
20             MR. VLAHAKIS: Certainly.
21             THE COURT: And so how long has that been pending?
22             MR. VLAHAKIS: We just filed that. We had been
23 working on that waiting to get the numbers on numerosity.
24             THE COURT: But when did you file it? You just filed
25 it?

```
1              MR. VLAHAKIS:  On Friday.
2              THE COURT:  All right.  So that motion for class cert
3   is entered and continued.  The motion to compel arbitration you
4   said 21 days, Counsel?
5              MR. VLAHAKIS:  Yes, Your Honor.
6              THE CLERK:  That's October 4th.
7              THE COURT:  And 7, 14?
8              MS. ZIELINSKI:  14 would be great.
9              THE CLERK:  October 18th.
10             THE COURT:  And do we have another status date
11  pending?  Do we have to set one?
12             THE CLERK:  No, we don't have one set.
13             THE COURT:  Really?  Okay.  Well, we'll set one now
14  and strike it if we find out there is not a status pending.
15  All right.  Let's set a status in -- let's do mid-November.
16             MS. ZIELINSKI:  And, Your Honor, if I could raise one
17  more thing.  Plaintiff's motion to compel related to discovery
18  I think raises another issue, which is that if this case does
19  proceed in arbitration, discovery is going to look drastically
20  different because the -- you know, what the discovery looks
21  like will be determined by the arbitration provision and the
22  arbitrator.  And plaintiff won't be entitled to class --
23             THE COURT:  Well, let's cross that bridge when we get
24  to it.
25             MS. ZIELINSKI:  Oh, okay.  Well, I -- my -- I
```

1  understood that --
2              THE COURT:  You can talk to the magistrate judge --
3              MS. ZIELINSKI:  Wonderful.
4              THE COURT:  -- if you have a date before them.
5              MS. ZIELINSKI:  Wonderful.
6              THE COURT:  I'm not going to issue any orders on
7  that.
8              MS. ZIELINSKI:  Thank you.
9              THE COURT:  All right.
10             MR. VLAHAKIS:  And just one other issue too just so
11 there's no surprises later.  We may be amending the complaint.
12 We have been -- I think there's people that have received the
13 same letter.  So somebody else may step in.  Then there may be
14 an issue of arbitration.  But as I understand it, there may be
15 different credit cards that are harder for somebody as a debt
16 buyer to prove up and examine that.  But that may then
17 eliminate the need to deal with the motion to compel
18 arbitration if we think we have a plaintiff that survives it,
19 notwithstanding our waiver issue.  So what I would probably
20 proceed on that is then to inform this Court through a motion
21 for leave to amend, which may then allow the Court --
22             THE COURT:  When do you think that might happen?
23             MR. VLAHAKIS:  Probably within the next 21 days, and
24 probably before --
25             THE COURT:  Okay.  So why, why don't we do this:  You

1   come back in 21 days or so.
2          MR. VLAHAKIS:  Sure.
3          THE COURT:  And that will be your time for your
4   amended motion or to tell me and counsel what you're going to
5   do before I do a briefing schedule on arbitration.  I don't
6   need to have all those different directions and what ifs when
7   we can fairly shortly know for sure if the arbitration motion
8   is the way we're proceeding, or if you need to take a look at
9   the response to the amended complaint and decide whether or not
10  that's still an issue.
11         MR. VLAHAKIS:  Okay.
12         THE COURT:  Okay.  Let's do that.  So forget what I
13  just said.  The 21st -- October 4th the Court would expect a
14  decision on the amendment by plaintiff, an amended complaint.
15  What's the nearest status to that?
16         THE CLERK:  October 9th.
17         THE COURT:  October 9th.  All right.
18         MR. VLAHAKIS:  Great.
19         THE COURT:  How is that?
20         MR. VLAHAKIS:  Perfect.
21         THE COURT:  October -- wait a minute.  October 9th?
22  All right.  Okay.  October 9th, and that will be at
23  9:00 o'clock.  All right.
24         MR. VLAHAKIS:  Great.
25         THE COURT:  Thank you.

1        MR. VLAHAKIS:  Thank you very much.
2        THE COURT:  All right.  And we'll put this all
3   forward without -- with the new order toward the end in the, in
4   the minute order.  Okay.
5        MR. VLAHAKIS:  Thank you very much.
6                            CERTIFICATE
7        I HEREBY CERTIFY that the foregoing is a true,
8   correct and complete transcript of the proceedings had at the
9   hearing of the aforementioned cause on the day and date hereof.
10
11  _/s/TRACEY D. McCULLOUGH_                        _October 3, 2018_
12  Official Court Reporter                                    Date
    United States District Court
13  Northern District of Illinois
    Eastern Division