UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRIS ROSALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-997 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC., ) | |
| Defendant. ) | |

**ORDER**

Portfolio Recovery Associates, LLC (movant's) motion to compel arbitration [31] is granted. Iris Rosales' motion for class certification [34] is denied. This case is dismissed.

**STATEMENT**

The plaintiff, Iris Rosales, brought this class action complaint against Portfolio Recovery Associates, LLC ("Portfolio") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, et. seq. ("ICFA") relating to Portfolio's attempt to collect an unpaid bill connected to a consumer credit card. Portfolio purchased the rights to the debt from the original creditor, World Financial Network National Bank (now known as Comenity Bank). Rosales opposes arbitration.

Under the Federal Arbitration Act, a movant for arbitration must show: (1) a written agreement to arbitrate, (2) that the dispute is within scope of the arbitration agreement, and (3) a refusal to arbitrate. 9 U.S.C. § 4; *Zurich American Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). Courts look to state law to determine whether a valid arbitration agreement exists. *Johnson*

1

*v. Orkin, LLC*, 928 F. Supp. 2d (N.D. Ill. 2013) (internal citation omitted) (Castillo, J.). Although federal policy favors arbitration, a party's right to arbitration can be waived. *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (internal citation omitted). When determining if a party waived its right to arbitrate, courts must consider, taking the circumstances in their entirety, whether a party acted "inconsistently with the right to arbitrate." *Id.* (internal citation omitted).

  As an initial matter, Portfolio has demonstrated a right to arbitration. Portfolio attached the credit card agreement to its motion, which contained an arbitration provision. The use of a credit card after receiving the credit card agreement constitutes acceptance of the terms of that agreement. *See Razor Capital v. Antaal*, 2012 IL App 2d 110904 ¶ 32, 972 N.E.2d 1238, 1246 (2d Dist.). The arbitration provision also waived the right to participate in a class action suit. Rosales does not dispute that she received the credit card agreement. Further, Rosales does not argue that a claim brought under the FDCPA is outside the scope of the arbitration clause. The arbitration clause defines "claim" as "any claim, dispute or controversy between [Rosales] and [the original creditor] that in any way arises from or relates to this Agreement. . . ." Dkt. 45 at 8. The provision also gives the term claim "the broadest possible meaning." *Id.* Court have found FDCPA cases to be arbitrable. *See Conway v. Done Rite Recovery Services, Inc.*, No. 14-cv-5182, 2015 WL 1989665 at * 5 (N.D. Ill. April 30, 2915) (Dow Jr., J.); *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 871 (E.D. Wis. 2006).

  Rosales argues that Portfolio waived its right to arbitration. Specifically, Rosales contends that Portfolio waived its right to arbitration by filing its motion six months after being served with the complaint. Rosales also takes issue with Portfolio twice attaching an inapplicable credit card agreement, to its motion to compel arbitration, before finally attaching the correct one. Rosales

argues further that if Portfolio intended to arbitrate this claim, it could have filed a motion to stay before engaging in discovery.

While sympathetic to Rosales' concerns, the Court does not find that Portfolio's actions were inconsistent with the right to arbitrate. In its Answer to the Complaint, Portfolio raised the affirmative defense that Rosales' Complaint may be subject to arbitration. Dkt. 12. This is not a scenario where Portfolio raised arbitration after losing on dispositive motions, effectively "'dropping a bombshell' into the proceedings." *Cooper v. Asset Acceptance, LLC*, 532 Fed.Appx. 639, 642 (7th Cir. 2013) (quoting *Cabintree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995)). Portfolio filed no dispositive motions. As Portfolio was not the original creditor, the six-month delay between being served and filing the motion to compel arbitration is not unreasonable. Further, the Seventh Circuit held that a motion to stay is "unnecessary to retain the right to arbitrate." *Kawasaki Heavy Industries, Ltd.*, 660 F.3d at 997. Consequently, even construing all inferences in favor of Rosales, the circumstances show that Portfolio has not waived its right to arbitration. Accordingly, Portfolio's motion to compel arbitration is granted.

Because the Court grants Portfolio's motion to compel arbitration, Rosales' motion for class certification is denied.

**Conclusion**

Based on the foregoing discussion, Portfolio's motion to compel arbitration [31] is granted and Rosales' motion for class certification [34] is denied. This case is dismissed without prejudice.

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3